**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| **MARCUS INGRAM,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Civil Action No:** |
| ) | **1:19-cv-02688-TWT** |
| **DAKSH & LAKSHITA LLC,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>ANSWER</u>

COMES NOW, Defendant Daksh & Lakshita, LLC, by and through its undersigned counsel, and hereby answers or otherwise responds to Plaintiff's Complaint's as follows:

1)   This action is brought by Marcus Ingram, pursuant to the enforcement provision of the American with disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a) and for negligence per se, against the owners and /or operators of the Econo Lodge.

**Answer:** Admitted.

2)   This Court has jurisdiction pursuant to the following statutes:

a.      U.S.C. §1311, which governs actions that arise from the Defendant's violations of Title III of the Americans With Disabilities Act, 42 U.S.C. §12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

b.      28 U.S.C. § 1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution. Law or treaties of the United States; and

c.      28 U.S.C. § 1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

**Answer:** Admitted.

3)      This Court has supplemental jurisdiction pursuant to U.S.C. § 1367(a) over Plaintiff's State claim as violations of Georgia Code, arise from the same facts and circumstances that give rise to Plaintiff's ADA claim.

**Answer:** Admitted.

4)      Venue is proper in this judicial district and division.  Defendant does business in the State of Georgia, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

**Answer:** Admitted, although Defendant denies that there are any acts of discrimination.

2

5)      Plaintiff s Marcus Ingram is a resident of Atlanta, Georgia, uses a wheelchair due to paraplegia, and is an individual with a disability within the meaning of ADA, 42 U.S.C. 12012(2), 28 C.F.R. 36.104.

**Answer:** Defendant is without knowledge as to Plaintiff Ingram sufficient to forma belief as to the truth or falsehood of these statements, and therefore denies them.

6)      Plaintiff Marcus Ingram is substantially limited in preforming one or more major life activities, including but not limited to, walking unassisted and standing for long periods.

**Answer:** Defendant is without knowledge as to Plaintiff Ingram sufficient to forma belief as to the truth or falsehood of these statements, and therefore denies them.

7)      Plaintiff Marcus Ingram resides in close proximity to the property in question and frequently visits such property.

**Answer:** Defendant is without knowledge as to Plaintiff Ingram sufficient to forma belief as to the truth or falsehood of these statements, and therefore denies them.

8)      Plaintiff Marcus Ingram has been a patron at the Econo Lodge, located at

3

1360 Virginia Ave, Atlanta, GA.

**Answer:** Defendant is without knowledge as to Plaintiff Ingram sufficient to forma belief as to the truth or falsehood of these statements, and therefore denies them.

9)    The Econo Lodge is a place of public accommodation within the meaning of Title II of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104.

**Answer:** Admitted.

10)    Defendant owns, leases; leases to, or operates the Econo Lodge, and is responsible for complying with the obligations of the ADA.

**Answer:** Admitted.

## COUNT 1

## VIOLATION OF THE ADA

11)    Plaintiff realleges paragraphs one (1) through ten (10) of this Complaint and incorporates them here as if set for the in full.

**Answer:** Defendant realleges paragraphs one (1) through ten (10) of this Answer and incorporates them here as if set for the in full.

12)    Plaintiff was a patron at the Econo Lodge on or about November 10, 2018.

**Answer:** Defendant is without knowledge as to Plaintiff Ingram sufficient to

4

forma belief as to the truth or falsehood of these statements, and therefore denies them.

13)    Plaintiff has returned to the property since then and has definite plans to return to the property again in June 2019, to avail himself of the goods and services offered to the public at the property but for the barriers in existence that deter him from doing so.

**Answer:** Defendant is without knowledge as to Plaintiff Ingram sufficient to forma belief as to the truth or falsehood of these statements, and therefore denies them.

14)    There are numerous architectural barriers present at the Econo Lodge that prevent and/or restrict access by Plaintiff, in that several features, elements, and spaces of the Econo Lodge are not accessible to or usable by Plaintiff, as specified in 28 C.F.R. and the Standards for Accessible Design, 28C.F.R., Pt. 36, Appendix A ("the Standards").

**Answer:** Defendant is without knowledge as to Plaintiff Ingram sufficient to forma belief as to the truth or falsehood of these statements, and therefore denies them.

15)    Plaintiff, upon visiting the property, personally suffered discrimination

5

because of his disability.

**Answer:** Defendant is without knowledge as to Plaintiff Ingram sufficient to forma belief as to the truth or falsehood of these statements, and therefore denies them.

16)     There are several elements ·and spaces that Plaintiff personally encountered and which discriminated against him based upon his disability; such as:

a.      There is no accessible parking or an individual in a wheelchair to utilize.

b.      The designated disabled parking spaces have a very steep slope that creates a dangerous condition for an individual in a wheelchair.

c.      The ramp leading up to the rear of the hotel has an excessively steep ramp that creates a dangerous condition for an individual in a wheelchair.

d.      There is no accessible route from the parking area to the sidewalk for an individual in a wheelchair to utilize. ·

e.      There is no ramp onto the curb for an individual in a wheelchair to utilize.

f.      There are no designated accessible rooms for an individual in a wheelchair to utilize.

g.      The pool does not have a lift for an individual in a wheelchair to utilize.

h.      The gate into the pool area has a latch that contains twisting and turning, thus

6

making it inaccessible to an individual in a wheelchair.

i.      There is no ramp to go into the office but rather a step that makes it inaccessible to an individual in a wheelchair.

**Answer:** Defendant is without knowledge as to Plaintiff Ingram sufficient to forma belief as to the truth or falsehood of these statements, and therefore denies them.  Additionally, Plaintiff alleges that its property is in compliance with the ADA or that it has legitimate legal grounds for any non-compliance.

17)    The discriminatory violations described in paragraph 16 of this Complaint are not an exclusive list of the Defendant's ADA violations. The Plaintiff has been denied access to, and has been denied the benefits of, services, programs and activities of the Defendant's buildings and facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.

**Answer:** Defendant is without knowledge as to Plaintiff Ingram sufficient to forma belief as to the truth or falsehood of these statements, and therefore denies them.  Additionally, Plaintiff alleges that its property is in compliance with the ADA or that it has legitimate legal grounds for any non-compliance.

18)    The Plaintiff will continue to suffer such discrimination, injury and

7

damage without the immediate relief provided by the ADA as requested herein. The Plaintiff has been denied access to, and has been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, the opportunity to use such elements, and have otherwise been discriminated against and damaged by the Defendants because of the Defendant's ADA violations, as set forth above.

**Answer:** Defendant is without knowledge as to Plaintiff Ingram sufficient to forma belief as to the truth or falsehood of these statements, and therefore denies them. Additionally, Plaintiff alleges that its property is in compliance with the ADA or that it has legitimate legal grounds for any non-compliance.

19)    Plaintiff has standing to sue for every barrier to access for the mobility-impaired that exists on the subject premises. Marcus Ingram has standing to require that all battlers to access on the property for the mobility-impaired are corrected, not merely only those Marcus Ingram personally encountered.

**Answer:** Defendant is without knowledge as to Plaintiff Ingram sufficient to forma belief as to the truth or falsehood of these statements, and therefore denies them. Additionally, Plaintiff alleges that its property is in compliance with the ADA or that it has legitimate legal grounds for any non-compliance.

8

20)    Defendants' failure to remove the architectural barriers identified in paragraph sixteen (16) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(l)(B)(i) and 28 C.F.R. 36.503 (a).

**Answer:** Denied.

21)    It would be readily achievable for the Defendant to remove the architectural barriers identified above.

**Answer:** Denied.

22)    Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, l992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility ate readily ·accessible to and. useable by individuals with disabilities, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequesnt ot janury 25, 1993, as defiend in d28 CAR 36.401, then the Defendant's facility must be readily accessible to and useable by individiuals with disabilitites as defined by the ADA.

9

**Answer:** Admitted.

23)    The  Defendant has discriminated against Plaintiff by denying hint access, to; and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 C.F.R. 36.302 et seq.

**Answer:** Denied.

24)    Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications ,are necessary to afford all offered goods, services, facilities, privileges; advantages or accommodations to, individuals with disabilities.

**Answer:** Denied.

25)    Marcus lngram has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 16 of this Complaint.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violations of the ADA by the Defendants.

**Answer:** Denied.

26)    Plaintiff is aware that it will be a futile gesture to re-visit the property until it

becomes compliant with the ADA.

**Answer:** Denied.

27)    Plaintiff is without an adequate remedy at law and is suffering irreparable

harm.  Plaintiff has restrained the undersigned counsel and is entitled to recover

attorney's fees, costs and litigation expenses from the Defendant pursuant to 42

U.S.C. § 12205 and 28 CFR 36.505.

**Answer:** Denied.

28)    Notice to Defendant is not required as a result of the Defendant's failure to

cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10

·or fewer employees and gross receipts of $500,000 or less).  All other conditions

precedent have been met by Plaintiff or waived by the Defendant.

**Answer:** Denied.

29)    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant

Plaintiff Injunctive Relief, including an order to require the Defendant to make the

property readily accessible and useable to the Plaintiff and all other persons with

disabilities as defined by the ADA or by closing the facility until such time as the

Defendant cures its violations of the ADA.

11

**Answer:** Denied.

## COUNT II

### NEGLIGENCE PER SE

30)    Plaintiff realleges paragraphs one (1) through twenty-nine (29) of this Complaint and incorporates them here as if set forth in full.

**Answer:** Defendant realleges paragraphs one (1) through twenty-nine (29) of this Answer and incorporates them here as if set forth in full.

31)    Defendant's failure to comply the ADA is per se negligence under Georgia law.

**Answer:** Denied.

32)    A plaintiff may assert a claim of negligence per se arising :from violations of federal or state statutes as long as (1) that plaintiff falls within the class of persons the statute was intended.to protect; (2) the harm complained of was the same harm the statute was intended to guard against; and (3) the violation of the statute proximately caused the plaintiff's injury.

**Answer:** Admitted.

33)    Plaintiff, a disabled individual, is within the class for whose benefit the statute was enacted.

**Answer:** Defendant is without knowledge as to Plaintiff Ingram sufficient to forma belief as to the truth or falsehood of these statements, and therefore denies them.

34)    In accordance with 28 C.F.R. § 36.304(a), a public accommodation shall remove architectural barriers in existing facilities where such removal is readily achievable.

**Answer:** Admitted.

35)    Defendant was required to perform and act for the benefit of another, i.e., to make the property compliant with the AD.A for the benefit of disabled individuals.

**Answer:** Denied.

36)    Plaintiff by being denied access to the property of Defendant, was humiliated, aggrieved, distraught and suffered emotional damages.

**Answer:** Defendant is without knowledge as to Plaintiff Ingram sufficient to forma belief as to the truth or falsehood of these statements, and therefore denies them.

37)    Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violations of the ADA and Georgia law by the Defendants.

13

**Answer:** Defendant is without knowledge as to Plaintiff Ingram sufficient to forma belief as to the truth or falsehood of these statements, and therefore denies them.

38)   Plaintiff has been aggrieved by Defendant's breach of their duty, has suffered irreparable harm, and is entitled to damages for the breach of such legal duty under Ga. Code Ann. §51-1-6.

**Answer:** Defendant is without knowledge as to Plaintiff Ingram sufficient to forma belief as to the truth or falsehood of these statements, and therefore denies them.

39)   Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America, and will cause injury, loss and damage to the Plaintiff and all others so similarly situated.

**Answer:** Denied.

Respectfully submitted this 8th day of October, 2019.

14

OWEN, GLEATON, EGAN, JONES
& SWEENEY, LLP

/s/Thomas J. Mihill
Thomas J. Mihill
Georgia Bar Number: 001363

1180 Peachtree Street, NE
Suite 3000
Atlanta, Georgia 30309
Telephone: (404) 891-6700
tjmihill@owengleaton.com

## **Font Certification**

I certify that I prepared this document in 14 point Times New Roman font

and complied with the margin and type requirements of this Court.

/s/Thomas J. Mihill
Thomas J. Mihill
Georgia Bar Number: 001363

15

## **CERTIFICATE OF SERVICE**

I hereby certify that on October 8, 2019, I electronically filed the foregoing ANSWER with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Pete M. Monismith
3945 Forbes Ave., #175
Pittsburgh, PA  15213

OWEN, GLEATON, EGAN, JONES
& SWEENEY, LLP

/s/ Thomas J. Mihill
Thomas J. Mihill
Georgia Bar No. 001363

16